Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| KEISHLA M. RIVERA SANTIAGO POR SÍ Y EN REPRESENTACIÓN DE SUS HIJAS MENORES DE NOMBRES DAIANA; ALANIZ Y CAMILA TODAS DE APELLIDOS RODRÍGUEZ RIVERA<br><br>Parte Apelada<br><br>v.<br><br>MUNICIPIO DE SAN SEBASTIÁN REPRESENTADO POR SU ALCALDE HONORABLE JAVIER D. JIMÉNEZ; ESTADO LIBRE ASOCIADO A TRAVÉS DEL SECRETARIO DE JUSTICIA LCDO. DOMINGO EMANUELLI; DEPARTAMENTO DE OBRAS PÚBLICAS A TRAVÉS DE SU SECRETARIA EILEEN VÉLEZ VEGA, COMPAÑÍA DE SEGUROS ABC; JOHN DOE Y JANE DOE<br><br>Parte Apelante | TA2025AP00393 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br><br>Caso Núm.:<br>SS2023CV00003<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

Comparece ante nosotros el Estado Libre Asociado de Puerto Rico (ELA; apelante) mediante el presente recurso de apelación y nos solicita que revoquemos la *Sentencia Sumaria Parcial,* emitida y notificada el 15 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Sebastián (TPI). Mediante esta, el TPI determinó que el Código Municipal de Puerto Rico (Código Municipal)[1] le provee inmunidad al Municipio de

---

[1] Código Municipal de Puerto Rico, Ley Núm. 107-2020, según enmendada, 21 LPRA sec. 7001, *et seq.* (Código Municipal).

San Sebastián (Municipio) y no autoriza las acciones de daños y perjuicios en su contra cuando ocurran accidentes en carreteras o aceras estatales. A tenor, declaró *Ha Lugar* la *Moción de Sentencia Sumaria Parcial* presentada por el Municipio, el 4 de abril de 2023, y desestimó la *Demanda* presentada en contra este, en virtud de lo establecido en el Artículo 1.053(g) del Código Municipal de Puerto Rico[2].

Adelantamos que, por los fundamentos que exponemos a continuación, revocamos el dictamen apelado.

I

El 3 de enero de 2022, Keishla M. Rivera Santiago (Sra. Rivera Santiago), por sí y en representación de sus hijas menores de edad, de nombres Daiana, Alaniz y Camila, todas de apellidos Rodríguez Rivera, instó una *Demanda* sobre daños y perjuicios contra el Municipio de San Sebastián (Municipio); El Estado Libre Asociado de Puerto Rico (ELA); y El Departamento de Obras Públicas (DTOP).[3] En apretada síntesis, adujo que, el 3 de enero de 2022, alrededor de las 6:00 p.m., sufrió un accidente de tránsito, junto con sus tres (3) hijas menores de edad, en la carretera 433 del barrio Guacio de San Sebastián, Puerto Rico. Adujo que el área se encontraba sin iluminación y que la carretera por la cual conducía se encontraba sin vallas protectoras. Explicó que, mientras tomó una curva, su vehículo resbaló y perdió el control, lo cual ocasionó que este se fuera por un barranco. Expresó que, a raíz de los daños sufridos, ella y sus hijas se vieron en la obligación de recibir extenso tratamiento médico, el cual continúa hasta el día de hoy. Sostuvo que el Municipio y el DTOP son los dueños de la carretera 433 en el Municipio de San Sebastián, Puerto Rico, lugar donde ocurrió el accidente. En su consecuencia, alegó que la causa directa y adecuada de los daños sufridos fue la culpa y negligencia del Municipio y el DTOP, por no mantener de forma segura y adecuada las carreteras. A tenor, solicitó que se declarara *Ha Lugar* la

---

[2] Código Municipal de Puerto Rico, *supra*, sec. 7001.
[3] SUMAC, Entrada 1 en SS2023CV00003.

*Demanda* y se condenara al Municipio y al DTOP al pago de $360,000.00 por concepto de daños y perjuicios, más intereses, costas, gastos y honorarios de abogado.

Posteriormente, el 4 de abril de 2023, el Municipio de San Sebastián presentó una *Moción de Sentencia Sumaria Parcial.*[4] En esta, sostuvo que la carretera 433 no es propiedad del Municipio, sino del Gobierno Estatal, siendo esto certificado por Salvador Ramos Torres (Sr. Ramos Torres), Encargado de la Propiedad del Municipio. En consecuencia, adujo que no existe controversia en cuanto a que el lugar donde ocurrieron los hechos no está bajo su jurisdicción, por lo que no tiene responsabilidad por los daños alegados en la *Demanda.* Solicitó que se declarara *Ha Lugar* la *Moción de Sentencia Sumaria* y se dictara sentencia de conformidad.

En respuesta, el 26 de abril de 2023, la Sra. Rivera Santiago presentó *Réplica a Solicitud de Sentencia Sumaria Presentada por el Municipio de San Sebastián.*[5] Sostuvo que, debido al momento en que se encontraba el caso procesalmente, no procedía dictar sentencia sumaria. Adujo que deseaba hacer descubrimiento de prueba y comprobar si el Municipio no tenía ningún tipo de injerencia en la referida carretera. Además, indicó que se debía esperar a que el ELA contestara la *Demanda* y se dilucidara el control que cada parte pudo haber tenido sobre el lugar donde ocurrió el accidente. En consecuencia, solicitó que se declarara *No Ha Lugar* a la *Moción de Sentencia Sumaria Parcial* presentada por el Municipio.

Posteriormente, el 5 de mayo de 2023, el TPI emitió una *Orden* mediante la cual determinó que se mantenía en suspenso la solicitud de sentencia sumaria presentada por el Municipio hasta que se llevara a cabo el descubrimiento de prueba pertinente.[6]

---

[4] SUMAC, Entrada 16 en SS2023CV00003.
[5] SUMAC, Entrada 24 en SS2023CV00003.
[6] SUMAC, Entrada 27 en SS2023CV00003.

El 17 de mayo de 2023, el Municipio presentó una *Contestación a Demanda*.[7] Mediante esta, negó la mayoría de las alegaciones y presentó sus defensas afirmativas. En lo pertinente al caso ante nos, negó la responsabilidad del mantenimiento y seguridad de la carretera donde ocurrieron los hechos, ya que esta no está bajo su jurisdicción. Además, alegó que la investigación realizada por la Policía estableció que el accidente ocurrió debido a desperfectos mecánicos del vehículo en su tren delantero, lo que provocó pérdida de control del volante. En consecuencia, solicitó que se declarara *No Ha Lugar* la *Demanda* y la imposición de costas, gastos y honorarios de abogados. Asimismo, solicitó que se declarara *Ha Lugar* la *Moción de Sentencia Sumaria Parcial* que se ha mantenido en suspenso.

Posteriormente, el 29 de agosto de 2023, la Sra. Rivera Santiago presentó una *Demanda Enmendada* con el fin de modificar las cuantías de reclamación de daños.[8]

En respuesta, el 5 de octubre de 2023, el ELA presentó su *Contestación a Demanda Enmendada*.[9] En esta, negó la mayoría de las alegaciones y presentó sus defensas afirmativas. No obstante, aceptó que el lugar donde ocurrieron los hechos está bajo la jurisdicción del ELA y el DTOP. Por otra parte, entre sus defensas afirmativas, esbozó que el incidente se debió única y exclusivamente a las actuaciones o negligencia de la Sra. Rivera Santiago o, en la alternativa, del Municipio. Solicitó que se declarara *No Ha Lugar* la *Demanda.*

Luego de varios trámites procesales, el 12 de diciembre de 2024, el Municipio presentó una *Moción en Torno a Sentencia Sumaria Parcial*.[10] En esta, adujo que, el 4 de abril de 2023, presentó una moción para se dictara sentencia sumaria parcial a su favor. Indicó que la referida moción estaba apoyada de una Certificación, la cual establecía que la carretera PR

---

[7] SUMAC, Entrada 29 en SS2023CV00003.
[8] SUMAC, Entrada 42 en SS2023CV00003.
[9] SUMAC, Entrada 45 en SS2023CV00003.
[10] SUMAC, Entrada 62 en SS2023CV00003.

433, no es propiedad del Municipio, sino del Gobierno Estatal. Solicitó que se adjudicara su solicitud de sentencia parcial, declarándola *Ha Lugar* y dictando sentencia de conformidad.

Por su parte, el 27 de diciembre de 2024, el ELA presentó una *Moción de Desestimación.*[11] En lo pertinente al caso ante nos, sostuvo que, del descubrimiento de prueba, surgió que existe un acuerdo colaborativo entre el Municipio y el DTOP-ELA para el mantenimiento de carretera y asfalto. Señaló que la carretera 433 es parte de las carreteras que pertenecen al ELA, no obstante, el mantenimiento de dicha carretera es responsabilidad del Municipio, por virtud del convenio suscrito que exime al ELA de responsabilidad en este aspecto. Expresó que el pleito debe ser desestimado en cuanto al ELA, toda vez que existe ausencia de una causa de acción que justifique la concesión de un remedio por su parte. A tenor, solicitó la desestimación de la reclamación en contra del ELA y el DTOP.

Concluido el descubrimiento de prueba, el 21 de enero de 2025, se celebró una vista.[12] Surge de la *Minuta* que el Municipio puntualizó que la carretera era estatal. Señaló que el acuerdo con el ELA era para unos aspectos específicos y desconocía si la carretera objeto de la controversia era parte de los acuerdos. Asimismo, el TPI señaló que, por los argumentos que se presentaron en sala, existía controversia sobre hechos sustanciales que no ameritaban que el pleito se resolviera mediante sumaria. El TPI ordenó al Municipio a replicar la moción de desestimación presentada por el ELA y suplementar los argumentos levantados en corte abierta.

Posteriormente, el 13 de febrero de 2025, el TPI emitió una *Orden* con relación a la *Moción de Sentencia Sumaria Parcial* presentada por el Municipio.[13] Mediante esta, solicitó del Municipio que fundamentara su posición respecto a la alegación del ELA relacionada al memorando de

---

[11] SUMAC, Entrada 65 en SS2023CV00003.
[12] SUMAC, Entrada 68 en SS2023CV00003.
[13] SUMAC, Entrada 70 en SS2023CV00003.

entendimiento entre el ELA y el Municipio sobre el mantenimiento y responsabilidad de las carreteras.

En cumplimiento con lo ordenado, el 27 de febrero de 2025, el Municipio presentó una *Moción en Cumplimiento de Orden*.[14] Mediante esta, alegó que, aún bajo la existencia de un memorando de entendimiento, la inmunidad invocada prevalece ya que el Código Municipal[15] no contiene ninguna excepción o condición por la cual la inmunidad pudiera dejarse sin efecto. Solicitó que se declarara *Ha Lugar* la *Moción de Sentencia Sumaria*.

En respuesta, el 21 de marzo de 2025, la Sra. Rivera Santiago presentó una *Réplica a Solicitud de Desestimación Presentada por el Estado Libre Asociado*.[16] Mediante esta, indicó que el contrato firmado entre el ELA y el Municipio no libera de responsabilidad al ELA ya que la carretera le pertenece. Sostuvo que, si bien es cierto que el ELA no tiene la obligación de instalar vallas protectoras en todas sus carreteras, en este caso en particular, las mismas eran necesarias debido a que al lado de la carretera había un barranco. Alegó que el ELA fue negligente, toda vez que la razón por la cual el vehículo se fue por un barranco fue por la falta de vallas. En su consecuencia, solicitó que se declarara *No Ha Lugar* la solicitud de desestimación presentada por el ELA.

Además, ese mismo día, la Sra. Rivera Santiago presentó una *Réplica a Solicitud de Sentencia Sumaria Presentada por El Municipio de San Sebastián*.[17] En síntesis, adujo que, del convenio suscrito por el ELA y el Municipio, surge que el Municipio se encargará de los trabajos de asfalto y de bacheo de las carreteras estatales a las que le brindarán servicios. Indicó que la causa próxima del accidente fue un boquete que había en la carretera, el cual era responsabilidad del Municipio asfaltarla. Indicó que, aunque no existe controversia sobre la titularidad de la carretera donde ocurrió el accidente, lo cierto es que el Municipio, mediante un contrato

---

[14] SUMAC, Entrada 71 en SS2023CV00003.
[15] Código Municipal, *supra.*
[16] SUMAC, Entrada 75 en SS2023CV00003.
[17] SUMAC, Entrada 76 en SS2023CV00003.

válido, renunció a la inmunidad establecida. Solicitó que declarara *No Ha Lugar* la *Moción de Sentencia Sumaria* presentada por el Municipio.

En respuesta, el 4 de abril de 2025, el ELA presentó una *Réplica* mediante la cual reiteró los argumentos en cuanto a la existencia de un convenio o acuerdo colaborativo para el mantenimiento de carreteras y asfalto entre el Municipio y el DTOP-ELA.[18] En lo pertinente al caso ante nos, sostuvo que, como parte de los acuerdos del convenio, el Municipio cumpliría con relevar al DTOP y a sus empleados por actos u omisiones de éste, sus empleados, agentes o representantes por reclamaciones de daños a terceras personas o a la propiedad relacionada con el desempeño del Proyecto. En consecuencia, adujo que, bajo las cláusulas del convenio, el ELA no responde a la Sra. Rivera Santiago. Expresó que el Municipio responderá bajo lo pactado en el convenio, mediante el cual se relevó de responsabilidad al DTOP-ELA. Por otro lado, expresó que la inmunidad que reclama el Municipio, bajo el Artículo 1.053 del Código Municipal de Puerto Rico[19], no prevalece ya que existe un acuerdo válido entre las partes. En vista de ello, solicitó que se declarara *No Ha Lugar* la *Moción en Cumplimiento de Orden* presentada por el Municipio*,* el 27 de febrero de 2025.

El 15 de julio de 2025, notificada el mismo día, el TPI emitió una *Resolución* atendiendo la solicitud de desestimación del ELA.[20] Mediante esta, el TPI dispuso que el ELA no demostró con certeza que la Sra. Rivera Santiago no tenía derecho a remedio alguno. A tenor, expresó que procedía tomar como ciertos los hechos bien alegados en la *Demanda*. No obstante, aclaró que, lo anterior, no debe interpretarse como una determinación de que el ELA es responsable de los daños sufridos por la Sra. Rivera Santiago. Por lo anteriormente expuesto, declaró *No Ha Lugar* la *Moción de Desestimación* presentada por el ELA.

---

[18] SUMAC, Entrada 77 en SS2023CV00003.
[19] Código Municipal de Puerto Rico, *supra*, sec. 7084.
[20] SUMAC, Entrada 79 en SS2023CV00003.

Por otra parte, el mismo día, el TPI emitió y notificó una *Sentencia Sumaria Parcial*.[21] En esta, el TPI dispuso que el DTOP, en su *Contestación a la Demanda*, señaló que la carretera donde ocurrió el accidente se encuentra dentro de su jurisdicción. No obstante, expresó que se desconoce si la vía donde ocurrió el accidente formaba parte de las carreteras estatales que se impactarían en virtud del convenio suscrito entre el DTOP y el Municipio. Lo anterior, toda vez que, de la cláusula cuarta del aludido convenio, surge que el Municipio debía presentar una tabla con la información (carretera y kilómetro) de las carreteras estatales que impactaría en virtud del convenio, denominado como "el proyecto", información que debía certificarse por la Oficina de Sistemas Viales de ACT, y que no obraba en autos documento alguno al respecto. Ante ello, determinó que, habiéndose establecido que la carretera donde se originó el accidente es propiedad del ELA, el Código Municipal le provee inmunidad al Municipio con independencia de quién era el responsable del mantenimiento. En consecuencia, declaró *Ha Lugar* la *Moción de Sentencia Sumaria Parcial*, presentada el 4 de abril de 2023, por el Municipio y desestimó la *Demanda* presentada contra este, en virtud de lo establecido en el artículo 1.053(g) del Código Municipal de Puerto Rico.[22]

Inconforme, el 29 de julio de 2025, el ELA presentó una *Moción de Reconsideración a Sentencia Sumaria Parcial*.[23] En síntesis, indicó que el Municipio ha reconocido la existencia del *Acuerdo Colaborativo de Transferencia de Fondos, suscrito entre el Estado y el Municipio de San Sebastián*, aunque alegó no tener certeza de si la carretera en cuestión se incluyó específicamente en la tabla de carreteras del convenio. Ante ello, indicó que existe una controversia real y sustancial sobre hechos materiales esenciales, en particular, en cuanto a la vigencia y alcance dicho acuerdo. Además, adujo que el Municipio, al firmar el convenio, se comprometió a responder frente a terceras personas por su negligencia,

---

[21] SUMAC, Entrada 80 en SS2023CV00003.
[22] Código Municipal de Puerto Rico, *supra*, sec. 7084.
[23] SUMAC, Entrada 82 en SS2023CV00003.

por lo que el ELA no es responsable por los daños alegados en la *Demanda*. Solicitó que se dejara sin efecto la *Sentencia Sumaria Parcial* emitida el 15 de julio de 2025.

Por su parte, la Sra. Rivera Santiago presentó una *Moción de Reconsideración a Sentencia Dictada el 15 de julio de 2025 donde se Desestima la Demanda a Favor del Municipio de San Sebastián.*[24] En esencia, sostuvo que el TPI debió determinar que el Municipio válidamente renunció a su inmunidad estatutaria. Adujo que el Municipio no puede ir en contra de sus propios actos e invocar una inmunidad a la que renunció válidamente en un contrato. Solicitó que se reconsiderara la *Sentencia Sumaria Parcial.*

Posteriormente, el 4 de agosto de 2025, el TPI emitió una *Resolución Final* declarando *No Ha Lugar* la *Moción de Reconsideración* presentada por el ELA.[25] Asimismo, ese mismo día emitió una *Resolución Interlocutora* mediante la cual declaró *No Ha Lugar* la reconsideración presentada por la Sra. Rivera Santiago.[26]

Inconforme, el 30 de septiembre de 2025, el ELA instó el recurso de epígrafe y señaló el siguiente error:

> **Primer error:** Erró el Tribunal de Primera Instancia al dictar sentencia sumaria a pesar de la existencia de una controversia genuina sobre un hecho material esencial. En específico, si el mantenimiento de la carretera donde ocurrió el alegado accidente, incluido el depósito de asfalto, correspondía al Municipio, en virtud del acuerdo colaborativo en el que se obligó contractualmente con el DTOP a responder a terceros por los daños y perjuicios ocasionados por sus actuaciones y omisiones durante la ejecución del proyecto, relevar de responsabilidad a la agencia y mantener pólizas de seguro con endoso a favor de esta.

---

[24] SUMAC, Entrada 83 en SS2023CV00003.
[25] SUMAC, Entrada 85 en SS2023CV00003.
[26] SUMAC, Entrada 86 en SS2023CV00003.

Por otro lado, el 29 de octubre de 2025, el Municipio presentó su *Alegato en Oposición*, por lo que, con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable.

## II

## A

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

En aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Segarra Rivera v. Int'l. Shipping et al.*, *supra*. Por su parte, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Id*.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los

documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Id.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón, supra,* pág. 44.

Ahora bien, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, 213 DPR 980 (2024); *Acevedo y otros v. Depto. Hacienda y otros*, *supra*; *Segarra Rivera v. Int'l. Shipping et al.*, *supra*. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Zorrilla Posada y otro*, 2024 TSPR 62, resuelto el 17 de junio de 2024; *Oriental Bank v. Caballero García, supra*, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Id.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Id.* No

obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, *supra*.

El Tribunal Supremo de Puerto Rico ha resuelto que nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Banco Popular de Puerto Rico v. Zorrilla Posada y otro*, *supra*; *Birriel Colón v. Econo y otro*, 213 DPR 80 (2023); *Serrano Picón v. Multinational Life Ins.*, *supra*; *González Meléndez v. Mun. San Juan et al.*, *supra*; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, *supra*. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Id.*

**III**

El apelante plantea, como único señalamiento de error, que el TPI erró al dictar sentencia sumaria, a pesar de la existencia de una controversia genuina sobre un hecho material esencial. En específico, si el mantenimiento de la carretera donde ocurrió el accidente correspondía al Municipio, en virtud del acuerdo colaborativo constituido entre el ELA y el Municipio. Señaló que, mediante dicho convenio, el Municipio se obligó contractualmente con el DTOP a responder a terceros por los daños y perjuicios ocasionados por sus actuaciones y omisiones durante la ejecución del proyecto; relevar de responsabilidad a la agencia; y mantener pólizas de seguro con endoso a favor de esta.

Luego de examinar cuidadosamente *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable, concluimos que el TPI incidió en su determinación. Veamos.

Según la normativa esbozada, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales. En específico, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Ahora bien, nuestro Tribunal Supremo ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes.

En el caso de autos, aun cuando el TPI determinó que no existía controversia sustancial, indicó que se desconocía si la vía donde ocurrió el accidente formaba parte de las carreteras estatales que se impactarían en virtud del convenio suscrito entre el DTOP y el Municipio. Lo anterior, toda vez que, de la cláusula cuarta del aludido convenio, surge que el Municipio debía presentar una tabla con la información (carretera y kilómetro) de las carreteras estatales que impactaría en virtud del convenio, denominado como "el proyecto", información que debía certificarse por la Oficina de Sistemas Viales de ACT, y que no obraba en autos documento alguno al respecto. Aun así, el TPI declaró *Ha Lugar* la *Moción de Sentencia Sumaria Parcial* presentada por el Municipio y desestimó la *Demanda* presentada en contra este, en virtud de lo establecido en el Artículo 1.053(g) del Código Municipal de Puerto Rico, Ley Núm. 107-2020, según enmendado, 21 LPRA sec. 7084.

Al revisar la prueba documental que obra en autos, colegimos que existen hechos materiales en controversia que impiden la adjudicación sumaria del caso. Ello debido a que, aunque el Código Municipal concede inmunidad a los municipios, lo cierto es que entre el Municipio y el ELA existe un *Acuerdo Colaborativo de Transferencia de Fondos para el Mantenimiento de Carreteras y Asfalto al Municipio para Mejoras a la Infraestructura Vial*. En particular, mediante este convenio, se estableció que el Municipio cumpliría con relevar al DTOP y a sus empleados por actos u omisiones de este, sus empleados, agentes o representantes por

reclamaciones de daños a terceras personas o a la propiedad relacionada con el desempeño del Proyecto. Evidentemente, los hechos antes narrados son contradictorios, pues de la prueba documental que obra en el expediente ante nos, los referidos hechos no fueron del todo probados. Específicamente, existe una controversia genuina con relación a si la vía donde ocurrió el accidente formaba parte de las carreteras sujetas al convenio suscrito entre el ELA y el Municipio.

De una revisión cuidadosa del expediente ante nos, colegimos que existen controversias de hechos esenciales y materiales que impiden la adjudicación sumaria del caso de autos. En esta etapa de los procedimientos, ninguno de los documentos presentados por las partes establece claramente si la vía donde ocurrió el accidente formaba parte de las carreteras sujetas al convenio suscrito. En vista de lo antes expuesto, no albergamos duda de que el foro de origen erró al resolver el presente caso sumariamente, aun cuando existen controversias de hecho que impiden la adjudicación sumaria y que requieren la continuación del trámite ordinario. En conclusión, el error señalado se cometió.

En fin, al evaluar concienzuda y ponderadamente *de novo* los eventos procesales al palio de la normativa jurídica antes esbozada, determinamos que no procede resolver el presente caso sumariamente. Por consiguiente, revocamos la *Sentencia* que nos ocupa.

**IV**

Por los fundamentos antes expuestos, revocamos la *Sentencia Sumaria Parcial* apelada.

Notifíquese.

Lo acordó y certifica el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones